IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

04 MAR 24  PM 2:56

U.S. ......... COURT
N.D. OF ALABAMA

LISA KILLINGSWORTH,⟩

    Plaintiff.⟩

v.⟩

CIVIL ACTION NO.
03-0191-S

LOCAL 78 OF THE INTERNATIONAL
ALLIANCE OF THEATRICAL STAGE
EMPLOYEES,⟩

    Defendant.⟩

ρ8

**ENTERED**

**MAR 2 4 2004**

## MEMORANDUM OPINION

Both defendant, Local 78 of the International Alliance of
Theatrical Stage Employees ("Local 78"), and plaintiff, Lisa
Killingsworth ("Killingsworth"), offered motions for judgment as a
matter of law pursuant to Rule 50(a), F.R.Civ.P., at appropriate
times during the trial of the above-entitled case. Killingsworth's
motion was limited to her contention that Local 78 was, as a matter
of law, her "employer" for the purposes of judging its conduct in
relation to her under Title VII. Local 78's Rule 50(a) motion was
addressed to each and all of the essential elements of
Killingsworth's hostile sexual environment case, as well as to
Local 78's affirmative defenses. Local 78's motion included its
contention that Killingsworth had not met her burden of proving
that Local 78 was her "employer", as that term is defined in Title
VII.

The oral testimony, the notes kept by Killingsworth and the
minutes of the meetings of Local 78, all prove beyond a

28

peradventure of a doubt that there were more than 15 members or adherents in Local 78, all sharing the same relationship that Killingsworth had with Local 78. That was true during all times here pertinent. The question, then, is not whether Local 78 had 15 employees, but whether it had **any** employees. It says it had no employees and was thus insulated from hostile environment liability. In footnote 2 in this court's opinion of December 19, 2003, this court said:

> The primary focus of the common-law test for whether an individual is an employee is the right to control. Local 78 and Killingsworth have an established relationship, it directs her where to work, directs her conduct at work, provides for her payment following the work, and disciplines the workers for their conducts. *See* 42 U.S.C. § 2000e(b); *Nationwide mut. ins. co. v. Darden*, 503 U.S. 318, 325 (1992). It is also important to note that Local 78 does not claim Killingsworth was an independent contractor. It merely asserts that she was the employee of the company Local 78 sent her to rather than an employee of Local 78.

If this language did not constitute a finding that Local 78 was Killingsworth's employer as a matter of law, it came close to doing so. If the court erred in giving to the jury the question of whether Local 78 was Killingsworth's employer, the error was against Killingsworth and not against Local 78, and was obviated by the jury's answer to Interrogatory No. 1. The above-quoted footnote from the opinion of December 19, does not rely upon the equally viable rationale for a hostile environment claim against a union that was recognized in *Howard v. International Molders and Allied Workers Union*, 779 F. 2d 1546, 1548 (11th Cir. 1986), in

2

which the Eleventh Circuit held a union liable under Title VII for "acquiescing in the discriminatory practice of the employer" or, in other words, that a union can be a "joint employer" with another entity for Title VII purposes.  Accordingly, the court will deny Killingsworth's Rule 50(a) motion as moot, and because the court finds that Killingsworth presented substantial evidence in support of all of the essential elements of her case, and that there was a jury triable dispute of fact about Local 78's affirmative defenses, Local 78's Rule 50(a) motion will be denied.

Killingsworth purportedly obtained from the jury punitive damages in the precise amount she suggested to the jury as a sum sufficient to deter Local 78 from the kind of conduct about which she complained and that violated Title VII.  Whether she is prepared to prove that Local 78 had more than the 100 employees necessary to get beyond the $50,000 cap imposed by 42 U.S.C. § 1981a(b)(3) for a combination of compensatory damages in the form of mental anguish and punitive damages remains to be seen.  The court agrees with Killingsworth that the sum of $100,000 would have been sufficient to accomplish the purpose of deterrence.  In any event, Killingsworth's prayer for injunctive relief, if not abandoned as were her prayers for declaratory relief, reinstatement, promotion, back pay and front pay, will be denied.

DONE this ___24ᵗʰ___ day of March, 2004.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE